Jinder SINGH, aka Sukhjinder
Singh, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71780.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided July 16, 2004.

Hardeep Singh Rai, Law Office of Hardeep S. Rai, Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Lyle Jentzer, Janice K. Redfern, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Jinder Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals dismissing his appeal and denying his motion to remand following an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review an adverse credibility finding for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we grant the petition for review.

The IJ's adverse credibility determination is not supported by substantial evidence because the record reflects that

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Singh's testimony regarding receipt of his passport and his departure from India was neither vague nor shifting. *See Arulampalam v. Ashcroft,* 353 F.3d 679, 686 (9th Cir.2003). Furthermore, the IJ's focus on minor inconsistencies in dates is not a proper basis for an adverse credibility determination because it does not concern the heart of the claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1042–43 (9th Cir. 2001). Finally, the IJ impermissibly found that Singh was required to provide corroborating evidence to bolster his claim. *See Arulampalam,* 353 F.3d at 688.

As the IJ denied Singh's applications based on an adverse credibility finding, rather than reaching the merits, we remand this matter for further proceedings, accepting Singh's testimony as credible, to determine his eligibility for asylum, withholding of removal, and relief under the Convention Against Torture.

**PETITION FOR REVIEW GRANTED; REMANDED.**